■     In the Matter of the Arbitration between SUSQUEHANNA VALLEY CENTRAL SCHOOL DISTRICT AT CONKLIN, Appellant, and SUSQUEHANNA VALLEY TEACHERS' ASSOCIATION, Respondent.— Order, Supreme Court, Broome County, entered on February 1, 1974, affirmed, without costs, on the opinion of Yesawich, J., at Special Term. Herlihy, P. J., Staley, Jr., Cooke and Sweeney, JJ., concur; Kane, J., dissents and votes to reverse in the following memorandum. Kane, J. (dissenting). By its affirmance of the trial court, the majority is, in effect, holding that the determination of staff size by a board of education is a term and condition of employment subject to negotiation. This seems contrary to our decision in *Matter of West Irondequoit Teachers Assn.* v. *Helsby* (42 A D 2d 808, affd. 35 N Y 2d 46). In affirming PERB, we held then that the determination of class size was a basic element of educational policy, not negotiable, and within the sole responsibility of the board of education noting, however, that a board would be required to negotiate on the impact of such a decision as it affected other terms and conditions of employment. We face a similar issue here, though presented in a different context through the vehicle of an arbitration clause in the contract between the parties. Since staff size is the board's responsibility, an agreement to arbitrate that issue would be illegal. In any event, controversy over the impact of such a decision should be resolved within the statutory framework presently provided under the auspices of those with the required expertise in the field and not be left in the hands of an arbitrator. Accordingly, I would reverse, staying arbitration on the grounds that the board lacked authority to contract away its duty to determine staff size, and let the parties seek relief before PERB.